UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 13

Brian Eric Fox, a/k/a Brian E. Fox,                 Case No. 19-50286
a/k/a Brian Fox,
                                                    Hon. Phillip J. Shefferly
          Debtor.
_____/

### ORDER REGARDING FUNDS HELD BY THE TRUSTEE

On December 10, 2019, the Court dismissed this Chapter 13 case. This order addresses the funds that the Chapter 13 Trustee ("Trustee") held at the time of dismissal. Here's the background.

On July 15, 2019, the Debtor filed this Chapter 13 case. Before the case was filed, David Findling ("Receiver") was appointed as a receiver by the Macomb County Circuit Court to enforce a judgment of divorce in favor of Kimberly Fox ("Kimberly") against the Debtor. On August 20, 2019, the Court entered an order denying the Debtor's request to impose the automatic stay against Kimberly.

On August 26, 2019, the Receiver filed a motion under Bankruptcy Code § 543(d)(1) to be excused from turning over two parcels of real property, one located at 45876 Knollwood, Macomb, Michigan ("Knollwood Property") and the other on 48950 Leona Drive, Chesterfield, Michigan ("Leona Property") (collectively "Real Property"). After a hearing, the Court entered an order on September 18, 2019,

granting the Receiver's motion. That order excused the Receiver from compliance with § 543(a) and (b)(1), held that the Receiver may retain possession of and administer the Real Property, and further held that the Receiver was not required to seek approval of the Bankruptcy Court to sell the Real Property. However, the order did provide that, in the event of the sale of the Real Property, the Receiver was required to pay the net proceeds of sale to the Trustee, to be held pending further order of the Court.

Meanwhile, the Debtor proposed a Chapter 13 plan that called for monthly payments of $1,661.24. On July 30, 2019, the Court entered a wage order requiring that amount to be paid out of the Debtor's future income.

On December 10, 2019, the Court held a hearing on confirmation of the Debtor's plan. The Debtor requested an adjournment. For reasons explained on the record, the Court denied that request and granted the oral motion of Kimberly and the Trustee to dismiss the case. The Trustee then raised a question regarding what the Trustee should do with the funds presently held by the Trustee. Kimberly and the Debtor each stated their view on this question.

To memorialize its ruling dismissing this case, and to create a process for parties in interest to weigh in on the Trustee's question about the funds on hand, the Court entered an order ("Dismissal Order") (ECF No. 117) that set a deadline for

parties in interest to file a statement regarding application of § 349(b)(3) of the Bankruptcy Code to the funds held by the Trustee.

Neither the Trustee nor the Debtor filed a statement. However, Kimberly and the Receiver did, with both statements arguing that the funds held by the Trustee should be returned to the Receiver. Kimberly's statement was brief, with no citations to legal authority or analysis. The Receiver's statement went into detail about his actions in administering the Real Property, and his success in selling the Leona Property with the net proceeds of $92,195.93 ("Leona Proceeds") being paid directly to the Trustee. The Receiver's statement argued that, because of his pre-petition appointment by the Macomb County Circuit Court, and because of this Court's order excusing him from turning over property of the estate, § 349(b)(3) requires that the funds held by the Trustee be paid to him.

Section 349(b) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, a dismissal of a case . . . (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

Section 1326(a)(2) of the Bankruptcy Code provides that,

> [a] payment made under [a proposed Chapter 13 plan] shall be retained by the trustee until confirmation or denial of confirmation. . . . If a plan is not confirmed, the trustee shall return any such payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b).

Applying § 1326(a)(2) and § 349(b)(3), the Court holds that the payments made under the wage order or made directly by the Debtor to the Trustee are payments "under the plan" that are required to be returned to the Debtor. Not so for the Leona Proceeds. Those funds were not paid by the Debtor under a Chapter 13 plan and are therefore not governed by § 1326(a)(2). Instead, those proceeds were generated by the Receiver's sale of the Leona Property and were only paid by the Receiver to the Trustee pursuant to an order of this Court. The Receiver is correct that § 349(b)(3) answers what becomes of the Leona Proceeds, and that § 349(b)(3) revests the Leona Proceeds in the Receiver as proceeds of property held by the Receiver as of the commencement of the case. Accordingly,

**IT IS HEREBY ORDERED** that the Trustee shall disburse to the Receiver the Leona Proceeds.

**IT IS FURTHER ORDERED** that the Trustee shall disburse to the Debtor, in accordance with the Trustee's ordinary practices, any proceeds of payments paid by the Debtor under the Debtor's plan.

**Signed on December 23, 2019**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**